IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ELIZABETH N. MILLER                                                                                          PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 4:12cv00097 DPJ-FKB

JIANA LEDBETTER,
JEFF JACKSON, HAROLD ROBINSON,
AND RICCO WILLIAMS                                                                                      DEFENDANTS

ORDER

This cause is before the Court on four motions of Plaintiff Elizabeth N. Miller for entry of default judgment against Defendant Jiana Ledbetter, Jeff Jackson, Harold Robinson, and Ricco Williams [165, 166, 167, 168]. In addition, Edward Carruth has filed his own motion for default judgment [164] against Ledbetter, Williams, and Robinson. Before turning to the motions, a little background on the participants and claims is helpful.

I.      Background

According to the Amended Complaint [46], Miller is the title owner to property near Dekalb, Mississippi, which was fraudulently sold to American Timber, Inc. by Defendant Jiana Ledbetter. Miller alleges that Defendants Ricco Williams and Harold Robinson were working with Ledbetter and presented false documents to influence attorney George Spinks to execute the fraudulent sale. Everette Smith, president of American Timber, thereafter sold the property to Edward Carruth. According to the Third-party Complaint [34] filed by Smith, Jeff Jackson initiated contact between Carruth and American Timber. *See also* Miller's Amended Complaint [46] at 5 (asserting the Jackson and Smith "persuaded attorney Spinks to proceed with closing" without proper documentation). In her Complaint, Miller seeks a temporary restraining order and permanent injunction instructing Defendants to vacate the property and cease any alterations;

removal of any cloud on the title; and "[a]n award of compensatory and punitive damages in excess of $75,000.00 . . . including reasonable attorneys' fees . . . ." Amended Complaint [46] at 13.

There are a number of parties and claims (including cross-claims and third-party claims) involved in this litigation—some of which have been resolved by agreed orders of injunction [37, 43] and an agreed order of dismissal [163]. The docket is lengthy and complicated, but it appears that Miller, American Timber, Smith, Carruth, and Spinks have all settled their claims against one another, leaving only their respective claims against Ledbetter, Williams, Robinson, and Jackson. None of these four Defendants have made an appearance in the action, and a Clerk's Entry of Default has been entered as to each.

II.     Miller's Motions

With this background in mind, the Court turns to Miller's claims against Ledbetter, Williams, Robinson, and Jackson. Miller filed four motions [165, 166, 167, 168] seeking an entry of default judgment by the Clerk pursuant to Federal Rule of Civil Procedure 55(b)(1), which allows the Clerk to enter judgment "[i]f the plaintiff's claim is for a sum certain." Miller represents in her motion, and through the affidavits of her attorney, that she is entitled to $112,409 from each of these four defendants. Her attorney states in four separate affidavits supporting the four motions, "The plaintiff's sum certain portion of her claims in the amount of $112,409 constitutes the attorney's fees and expense paid to date by the plaintiff."[1]

---

[1] The Court notes that if it were to grant Miller's request, she would hold judgments against each Defendant for $112,409—for a total of almost $450,000. But it is not apparent from her filings whether she had incurred $450,000 worth of "fees and expenses" or $112,409. If the latter, then the requested relief would represent a windfall.

Typically, Rule 55(b)(1) is used in cases of default where the amount owed the plaintiff is easily established by reference to the pleading or a document incorporated in the pleading.  For example, the plaintiff is owed a debt on a promissory note or an unpaid invoice.  Generally, a request for attorneys' fees is not a "sum certain" as contemplated by Rule 55(b)(1).  *See, e.g.*, *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, NO. 1:04CV733,  2005 WL 2180481, at *5 (W.D. Mich. Sept. 9,2005) ("A reasonable attorney fee requires a judicial evaluation of the evidence regarding the fee.  A sum certain, is just that, a liquidated amount that requires nothing further.  Cases discussing whether a reasonable attorney fee is a sum certain in the context of the federal rules of civil procedure are instructive and establish that a 'reasonable attorney fee' is not a 'sum certain.'") (citations omitted) (collecting cases).

Here, it is not clear whether Miller is seeking these fees as compensatory damages—in other words, damages she incurred in attempting to clear up the land dispute—or if she is seeking the fees which she incurred as a result of bringing this particular action.  And that distinction could impact the quantum of proof necessary to establish the attorney's fees—if any—to be awarded.

In addition, while it is undisputed that these parties have not appeared, it is not apparent that Miller has yet "prevailed" in other respects.   Looking again to her Complaint, Miller seeks a temporary restraining order and permanent injunction instructing Defendants to vacate the property and cease any alterations; removal of any cloud on the title; and "[a]n award of compensatory and punitive damages in excess of $75,000.00 . . . including reasonable attorneys' fees . . . ."  Amended Complaint [46] at 13.  Stated simply, Miller has not yet obtained what appears to be the substantive relief she seeks, which begs the question whether the attorney's fees

3

are now recoverable.  It is conceivable that the fees would actually increase by the time final judgment is entered on the full array of claims subject to the clerk's entry of default.

Miller's motions [165, 166, 167, 168] are denied without prejudice to her right to refile her motions under Rule 55(b)(2), preferably with additional clarification and evidence to support her claims.[2]

II.     Carruth's Motion

Carruth's motion is different.  He was the final purchaser of the subject property.  In his Answer, he admits that the Warranty Deed is void and expresses his intention to fully cooperate with Miller.  Carruth filed crossclaims against Ledbetter, Williams, and Robinson, alleging that he paid approximately $135,000 for the property and seeking return of the purchase price. Carruth Answer and Crossclaim [18] at 15.  Carruth now seeks entry of default judgment pursuant to Rule 55(b)[3] against Ledbetter, Williams, and Robinson, jointly and severally, in the amount of $128,000 "plus interest and costs which represents the purchase price for said land." Carruth Motion [164] at 3.  Carruth has attached his own affidavit, attesting that he paid $128,000 for the property.  Carruth Affidavit [164-1] at 2.  Carruth also mentions that he has executed a quitclaim deed conveying title back to Miller and he no longer has any interest in the land.  *Id.*  The Court finds that Carruth has sufficiently substantiated his claim and that entry of default judgment is appropriate.  Carruth's motion [164] is granted.  A separate judgment will be

---

[2] Admittedly, this is a complicated docket, and if the movant believes that a status conference would assist the Court, she is invited to contact Courtroom Deputy Shone Powell to schedule a telephonic conference.

[3] Carruth does not specify whether he is seeking entry by the Clerk (Rule 55(b)(1)) or by the Court (Rule 55(b)(2)).  The Court construes the motion as being filed under Rule 55(b)(2).

entered.

        **SO ORDERED AND ADJUDGED** this the 23th day of December, 2013.

                                                    s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE